**UNITED STATES of America ex rel. Charles J. OAKES**

v.

**Kenneth E. TAYLOR et al.**

**Civ. A. No. 43055.**

United States District Court
E. D. Pennsylvania.

June 27, 1967.

Charles J. Oakes, pro se.

No appearance for respondents.

### MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Plaintiff, currently imprisoned at the State Correctional Institution in Philadelphia, has submitted to the Clerk of this Court a request for leave to proceed in forma pauperis in a civil rights action seeking a permanent injunction. The central provisions of plaintiff's complaint appear to be founded on a theory that prison authorities are denying him the right to subscribe to a Morman newspaper, containing religious articles, when these same officials allow other prisoners the privilege of subscribing to religious newspapers and magazines. The complaint, in part, states:

> "Plaintiff, alleges discrimination and deprivation of his civil rights, by officials of this institution, for not letting him order out of state newspaper which is owned by his church; when said officials allow e. g., The Christian Science Monitor, an international

daily newspaper, which is sold on a newsstand come from Boston Massachusetts, and other publications to enter this institution for reading purposes."

Plaintiff's contentions appear to fall within the ambit of a claim that he is being " * * * denied permission to purchase certain religious publications and denied other privileges enjoyed by other prisoners." Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964). Cf., Knuckles v. Prasse, (C.A. No. 41770, 3/31/67, E.D.Pa.).

While plaintiff's claim appears adequate enough to allow him to proceed in forma pauperis, one significant preliminary matter remains. Plaintiff has not presented an adequate demonstration of his attempts to exhaust any available administrative remedies. Although this shortcoming, perhaps made through inadvertence, will not result in a denial of leave to proceed in forma pauperis, the defect must be soon remedied by plaintiff or his complaint will be considered frivolous. Exhaustion of available administrative remedies, or a claim that such remedies are unavailable, is a prerequisite to suit by a prisoner under the civil rights act. United States of America ex rel. Wakeley v. Commonwealth of Pennsylvania, 247 F.Supp. 7 (E.D.Pa.1965). Cf., "Note: Suits By Black Muslim Prisoners To Enforce Religious Rights—Obstacles To A Hearing On The Merits", 20 Rutgers Law Review 528, 550 (1966). This prerequisite of exhaustion stems not only from the reluctance of federal courts to disrupt prison discipline, but also out of the comity concern of federal courts to the fact that state administrative remedies may be thoroughly dispositive of the matter in dispute. See, Childs v. Pegelow, 321 F.2d 487 (4th Cir. 1963), cert. denied 376 U.S. 932, 84 S.Ct. 702, 11 L.Ed. 652 (1964); Sostre v. McGinnis, 334 F.2d 906, 912–13 (2nd Cir.), cert. denied, 379 U.S. 892, 85 S.Ct. 168, 13 L.Ed.2d 96 (1964).

Plaintiff will be granted a conditional leave to proceed in forma pauperis. He is to supply this Court, within twenty (20) days, a brief statement indicating what steps he has taken to call the substance of his complaint to the attention of proper prison authorities.

And now, to wit, this 27th day of June, A.D. 1967, plaintiff's request to proceed in forma pauperis is hereby granted, conditioned on plaintiff's supplying this Court, within twenty (20) days of the date of this Order, a brief factual summary of his attempts to exhaust his available prison administrative remedies.

And it is so ordered.